In your case. I'll sit down. I'll argue they're not on the sheet. Not on this sheet? Okay. Herrera-Castanola versus Chertoff. May it please the Court, good morning. I'm Vito Delacruz. Your Honor, I would like to reserve two minutes of rebuttal time. And before I begin, actually, I need to correct a mistake that I made in my opening brief at page 17. I cited to Sardari versus Chertoff, which was an unpublished opinion. I didn't mean to do that. Speak up a little. At page 17, Your Honor, of my appellate brief, I'm correcting a mistake that I made in terms of citing an unpublished opinion. I cited to Sardari versus Chertoff, which is unpublished, and I understand that they have no bearing on this decision here. I apologize for my mistake. Your Honor, at the core of this case is a constitutional violation. The constitutional violation denied Mr. Herrera-Castanola his U.S. citizenship at the time that he was eligible to receive it instantaneously with his application. The constitutional violation cannot be remedied in any respect other than in habeas at this point. The constitutional ---- That's where I have a little difficulty with your position, because at this point, there is no final order of removal that can be dealt with by this Court, seems to me. Actually, Your Honor, I have two responses to that. One is this. Yesterday, as counsel for the government knows, the immigration judge issued an order of removal in the immigration proceedings that were initiated after the government rescinded its reinstatement order. Well, then you can petition from that order. Actually, we cannot, since I think at this point of the proceedings, the immigration judge has completely disregarded the factual findings and conclusions of law that Judge Reed ---- No. But what I'm saying is you now can file a petition for review, or you can appeal to the BIA. Then, if they don't do anything about it, then you can file a petition for review in this Court and get that issue reviewed, can't you? I don't think that we can, Your Honor, because the constitutional issue here is the one that was properly before Judge Reed in habeas when we filed at 2241. But the issue is whether collateral estoppel applies or doesn't apply. And presumably, from what you said, the immigration judge said it did not. Well, it's not ---- The BIA can correct that or not, and then you can come back to this Court squarely presenting the issue of whether the IJ goofed by not applying collateral estoppel. It actually ---- the issue goes further back than that, Your Honor, with all due respect. When Judge Reed ruled that the government was a stop under the notions of equitable estoppel from claiming that Mr. Herrera was an alien, that matter was a final order based on the evidentiary hearing that was conducted at some length before Judge Reed. It became a final order of ---- once the government decided not to appeal that order following Judge Reed's dismissal. What occurred after that was the vice attempted to reinstate the order. We filed the petition to prevent his expeditious removal or expedited removal at that point. Ever since that time, the habeas petition has been litigated to some extent. Judge Reed subsequently entered another order in response to the government's motion to dismiss the habeas petition and ruled that collateral estoppel prevented the government from relitigating issues of fact and conclusions of law that he had entered in the criminal case. Only after ---- Let me ask you a question. Yes, sir. Do you agree with Judge Reimer that the decision by the IJ that he may be removed, that that can be appealed to the BIA, and can we then review that decision? Your ---- the IJ, in fact, provided a 30-day period to appeal to the BIA. All right. No questioning an appeal to the BIA. All right. Is that reviewable by our Court, then? Once the BIA decides it and ostensibly decides it against Mr. Herrera, our ---- All right. Let's assume that they're not sensible and that they decided, you know, for the government. Then you can appeal to our Court to have that reviewed? We would be right back here maybe a year and a half, two years down the road. Okay. The only real issue is whether he can stay on bail during that period, right? If he can, then we could skip all of this. The issue with this, as much as I would like for him to just simply remain on bail pending that procedure, that procedure was created because of the ---- I understand you don't ---- you're not happy with the procedure and it's wrong and you want to attack the procedure. But there's one other issue, Your Honor. Yeah. With respect to the denial of the habeas petition, the only ---- the only privilege that Mr. Herrera has right now is to remain on bail. Without deciding the issues of the habeas petition, he cannot work. He's simply in a legal limbo. If he's not on detention, I mean, probably there's nothing we can do about it. I mean, if he's ---- Well, we can ask the government whether they would agree to let him remain on bail. Well, there's a habeas remedy available if they take him back into custody. He can go back in on habeas, I would assume. Well, I certainly have demonstrated my ability to go back into habeas from that as a clerk. I don't know whether he can or not. But I think the issue, though, Your Honor, with all due respect, the way that this ended up being back before the immigration judge in the first place was the rescission of the reinstatement order, and which translated into an attempt to avoid Judge Reed's findings of fact. I don't think ---- Oh, that could be litigated when it gets back here, I assume. That's why I asked if really the only practical question was whether he was going to remain on bail. If he's not going to remain on bail, I can understand why you want to pursue your claim. And maybe you can. I mean, maybe it's a ---- maybe you can pursue it now and when. That's quite possible.  Alternately, you can pursue it now and lose, and then you're in even worse trouble. Either way. If you would just wait one second, maybe I could ask the government. Is there a possibility that the government would agree that he would remain on bail while this matter is pursued? We can agree that he can apply for bail and seek release through the immigration order from the BIA pending the appeal to BIA. There are mechanisms for obtaining release on bail. Okay. Well, one mechanism may be to proceed with this case as it is here this morning and see whether he can persuade us that he should stay on bail. What matters do you think that you can't raise in the petition for review from the removal proceeding that you could raise here? The ---- well, the issue that I think we can raise here is a ---- the issue of whether, indeed, the government is a stop for removal proceeding in immigration court. Our position has ---- But the practical difference is that even though you may be able to raise that a year or two from now, if you can raise it in your current proceeding, then you would be entitled to remain on bail. That's correct. In fact, if you can raise it only in ---- in after you appeal from the petition from the BIA decision, if that's the only time you can raise it, then he's going to stay in custody for the next year or two. Exactly. And, in fact, that sharpens the point considerably, Your Honor, because as the government has just stated, he has the ability to apply, but what they're not telling you is that according to their theory, because he would be classified, if, in fact, there's jurisdiction in the immigration court, he would be classified as a felon. I understand what the answer means when they say you can apply. I know what that means. Not to put too fine a point on it, but the series of questions in your answer assumes that the Court would find that collateral estoppel applies. If the Court found that collateral estoppel does not apply, he's out of the country now. Well ---- ASAP. If the Court decides that collateral estoppel doesn't apply, that would be, I think ---- That's correct. That is correct. However, if we go back to the point that pursuant to Judges Reed's order, up until the time that he dismissed the petition, Mr. Arreo was demonstrating, and the Court had already found collateral estoppel had applied. But that was Judge Reed. I understand. This is us. I understand. But we may only decide that Judge Reed does have jurisdiction over this case, in which case it would go back to Judge Reed. He would not be out of the country too quickly. Judge Reed might take some time to decide that question, and you might then appeal Judge Reed's decision back to us, by which time maybe the BIA will have gone through its process. You'll have your other case here. A lot of things can happen in this. I understand. And I think one available remedy, and I know I'm out of time, but one available remedy is to remand it to Judge Reed for him to conclude the process that he had already started in the habeas petition. I had reserved two minutes, but I am out of time. Thank you, Your Honor. May it please the Court, my name is Greg Addington. I'm an assistant U.S. attorney for the District of Nevada. I'm pleased to represent the immigration authorities who are the Respondents before this Court. I wasn't trying to be coy in answering your question, Your Honor, about bail. But I was saying he can apply. Well, of course he can apply. And he's either eligible for release or he is not. And your position is he's not eligible for release. I'm sorry, Your Honor. Your position is he's not eligible for release. I think we made it clear to the district court that it is our view that he is not eligible for release. And you're the ones who decide whether he does get released. Well, no. We are not the ones who decide. The immigration judge would. The government decides, not Judge Reed. Correct. Right. So if the government's position is that he's not eligible, he can apply. And I mean, there's no doubt about what the answer is. And if he is dissatisfied, Your Honor, he can seek habeas relief from that denial of his release. Sure. But I think Judge Reinhart's question is, I think Judge Reinhart's question to you earlier was, are you going to agree to let him out? And your answer was he could apply, which I think is the answer is no, right? Yes. That is the answer. But the, I think it's important to keep it in a procedurally recognizable Your answer is no, and he can appeal, and he can seek remedy from that. But as far as if we're asking today, are you going to stipulate to let him out? Your answer is no, right? The answer is no, just as that was the answer before the district court. If he can seek the remedy, why can't he seek that remedy now? I mean, I've almost lost track of all the ins and outs he's had with this. But he, he did, after Judge Reed said that, whatever he said, and then the government said, okay, we won't try to reinstate removal. We rescinded the reinstatement. Yes. You rescinded the reinstatement. And then he said, but we're going to institute removal. Initiate new removal proceedings. And then you wanted to take him into custody. You said you would take him into custody, and Judge Reed then granted bail? Well, we said we would take him into immigration custody if the habeas case was dismissed. Yeah. And it was dismissed, and we contend that it was properly dismissed. And we were very much up front about what we intended to do post-dismissal. So now that you've said you're taking him into custody, he's wisely free now to seek habeas. He is. Well, there's no need for him to seek habeas now because he's been released. He's released on bail. Judge Reed granted him release pending this appeal. Pending this. Yes. So it's our view that if this Court affirms the dismissal of the habeas case, which we argue is the appropriate judgment of this Court to affirm the dismissal, then there's no context in which an order of release on bail is operative. He can then seek, if he wishes, to obtain release pending the appeal to the Bureau of Immigration – Board of Immigration Appeals. And if he remains dissatisfied with what BIA does in that appeal, he can seek – which I think only means, yes, Judge Reed was correct in finding that he had no jurisdiction over this habeas proceeding. But he would have jurisdiction, you say, if he then filed tomorrow and said, please send – they're taking me into custody. He could then reinstate a habeas or file a new habeas. And Judge Reed would have jurisdiction over that? He might. And I – again, I'm not trying to be coy. Our response, I believe, Your Honor, would be this. He's just missed a step. That he has missed a step in the process. That he needs to first seek release from the Board of Immigration Appeals with a appeal pending to that board. And if BIA said, no, you're ineligible for release pending your immigration appeal because of your status as an aggravated felon, you're statutory ineligible for release, then he can seek habeas relief from that order before Judge Reed or whoever the case is assigned to. And we would respond to that habeas petition, I think, by saying, you are statutorily ineligible for release pending appeal. Now, maybe he would have other arguments to make against that what appears to be a statutory bar. Perhaps he would prevail. I don't know. But this habeas proceeding has either been rendered moot because of the rescission of the reinstatement, or the court, in our view, never had jurisdiction in the first place. Well, if he, but let's play this out a bit. So he goes and seeks relief through what you view as the proper channels. He seeks a habeas petition, and he says, you're collaterally stopped from arguing alienage. And you say, and of course, that would be a defense to the statutory bar, right? Are we entirely, is this entirely circular? Well, what I, no, I don't think it is, because I think this is a court case. Okay. Do you think that if he's, if you are stopped from arguing alienage, is he statutorily barred from a release pending appeal through the INS process, or the immigration process? Yes. Okay. There we go. If he is, if he meets the requirement, if he is ineligible for release because he is an aggravated felon who is an alien, then he's not entitled to release pending the appeal to the BIA. If he says, but you can't call me an alien, look at what Judge Reed already ordered in the criminal case, then this would be a. Wouldn't it be simpler if you just agreed today what set of conditions on release pending exhaustion of his administrative remedies? In the real world, Your Honor, I would agree that that is a. Well. I mean, I thought of that too, not to take credit for it, but in the real world, yes, I could see that that is a very creative way of holding the status quo, allowing him to remain released and to allow the administrative process to unfold. Now. So why in the real world can't you do it? Because I think I have to preserve the integrity of the statutory bar that's there. And I think I need to acknowledge congressional directive that certain people should not be released pending their immigration appeal. And I think I need to give all that being true. But if it's true that your collateral is stopped from arguing alienage, I mean, it's not a pure statutory bar. Something to think about. I thought about it, as obviously you have as well. But the focus here, Your Honor, is that Judge Reed dismissed this habeas proceeding for lack of jurisdiction. That's the matter that's before the Court. Mr. Areto wants the Court to pretend that he's not 43 years old and a thrice-convicted felon who is ineligible to remain in this country. He wants the Court to pretend that he's 18 months old in his mother's arms in 1965 or holding his mother's hand crossing the border at age 7, and that he's eligible for a magical certificate of citizenship, which he was not entitled to or eligible for even in 1971. That fantasy world is not a world that this Court should enter in the context of this habeas case. Is this the argument you made in front of Judge Reed? It's very similar to it, yes. Well, I don't think it's funny. I mean, the point is, the question before us is whether this Court's got – whether Judge Reed correctly dismissed the habeas. What happens after this happens, right? Right. And I reckon – I don't think it's funny either. If we affirm Judge Reed's order, there's nothing about doing that that will preclude the government from giving consideration to the rather strong suggestion from my colleagues that – that bail be considered. Right. Except you've already rejected it, really, because you considered it, right? Yes. Well, if this Court has not got any jurisdiction, and Judge Reed hadn't got any jurisdiction, we haven't got any with respect to bail either. And we may have to. But there are mechanisms available to this Petitioner. And he – when we rescinded the reinstatement, and we initiated a new removal proceeding, that allowed him a jurisdictionally recognizable mechanism for raising all of the claims that he wishes to raise, collateral estoppel, claim preclusion, issue preclusion, anything else that he wants to raise. And, in fact, he has raised those before the immigration judge. The immigration judge, as of yesterday, rejected those claims and issued an order of removal. Could you provide us with the order of that order? I'm sorry, Your Honor. Could you supplement the record with that order so we know what it says? I don't – Or do we have a decision or just an order of removal? I believe it was just an order of removal that was issued yesterday by the immigration judge in Reno. I see. I don't have a copy of it. And I can provide it with counsel's stipulation if that's important, Your Honor. But really now, he has an opportunity to appeal that to the Board of Immigration Appeals and again raise all of the issues which he would wish to use to contest his removability. And if he remains dissatisfied with what BIA does at the conclusion of that appellate process, he can seek review from this Court in a jurisdictionally viable petition for review. I think the error here is that Mr. Rivera assumes that he will be dissatisfied with everything that happens during that review process. He wants this Court to shortcut the process and terminate the proceeding and declare him a citizen. And it's our view that there is just simply no jurisdiction for the district court to do that and no mechanism for this Court to do that in the context of this habeas proceeding, that he should allow – that this Court should allow the removal proceeding to unfold to an administrative conclusion, and then allow Mr. Rivera to file an appropriate petition for review to this Court. And I apologize for going slightly over. Thank you, counsel. I'll give you a minute or two. Thank you. The only reason that Mr. Rivera is actually out on bail is because Judge Reed entered the order releasing him pending appeal of the dismissal. The only reason that Mr. Rivera was out on bail following the issuance of the – following the filing of the habeas petition is because Judge Reed ordered it as such. Otherwise, the government would have taken Mr. Rivera into custody and kept him there. In the face of an order from Judge Reed, after a full and fair hearing, determining that the government was a stop from claiming that he was an alien, an alien and finding affirmative governmental misconduct, an order which the government did not appeal from, it seems as, in some ways, when the government says that Mr. Rivera is entitled to apply for bail, well, the answer to that is he's entitled to apply for bail, but he's never going to get it. And the only proper – You can appeal that, too. Well, Your Honor, we can't – All the way back up to here, yes? Your – and I think you – in fact, you wrote an opinion back in 2001 in Alvarenga, which I think in many ways provided a roadmap to the government to provide the mechanism by which to reinstate the order and litigate those issues. But they decided not to do that. And this is partly in response to your question, also in response to their argument that the governmental interest in maintaining his alien status superseded any criminal case. Your case was decided in 2001. This litigation began in 2003 and ended up in habeas in 2004. They knew what to do if they wanted to keep the record clean, but they made a decision. The government made a decision to follow the criminal case and litigate the factual merits and the conclusions of – and the legal issues that were raised there. And they failed. They lost. And they didn't appeal. The only remedy that we had left at that point was to file the habeas petition and seek those remedies. When the Real ID presented an issue for them to rescind the reinstatement, they washed away Alvarenga and your direction in this case, completely, and then proceeded to put him in removal hearings once again, apparently with a clean slate, even though the allegations were the same as they had been before. They disregarded, essentially, your direction in Alvarenga to do that. But here, the constitutional claim and the due process claim trumps those issues now. And with respect to collateral estoppel, it is not really beyond any serious dispute that we litigated the issue of alienage and that they were stopped. And I cannot go beyond. It seems like 2,000 years ago, somebody said it was – a holy man said it was easier for a wealthy man – a camel to walk through an eye of a needle than for a wealthy man to give up his wealth. Here, it seems to be that that same camel is having an easier time walking through that needle than it is for the government to simply admit their mistake. Roberts. Did you represent your client in front of the immigration judge? I cannot. He has counsel before the immigration judge. I see. I'm a federal public defender. Right. But I don't know. Just a simple question. I mean, you didn't represent him in front of the – so do we know what issues were presented in front of the immigration judge? I have been in contact with counsel. I know that all of the transcripts of the criminal case were submitted to the immigration judge, and the issue of collateral estoppel was raised. Okay. That's all I wanted to know. Thank you. In fact, there is no order. Please take care of your submitted. Thank you both.
judges: Reinhardt, Rymer, Thomas